UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 2:14-cr-11-JPH-CMM-02 |
| v. | ORDER ON MOTIONS FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| BRADLEY CLOUGH | (COMPASSIONATE RELEASE) |

Upon motions of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motions are:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:14-cr-00011-JPH-CMM |
| ) | |
| BRADLEY CLOUGH, ) | -02 |
| ) | |
| Defendant. ) | |

## ORDER

Defendant Bradley Clough has filed motions seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkts. 85, 97. Mr. Clough seeks immediate release from incarceration, or, in the alternative, to serve the remainder of his custodial term on home confinement.[1] Dkts. 97, 100. For the reasons explained below, his motions are **DENIED**.

**I.   Background**

In November 2015, Mr. Clough pled guilty to one count of conspiracy to possess with the intent to distribute and to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Dkts. 68, 69. The Court sentenced Mr. Clough to 192 months of imprisonment, to be followed by 5 years of supervised release. Dkt. 69. According to the Bureau of Prisons (BOP), Mr. Clough's projected release date with good-time credit is November 18, 2027.

---

[1] Pursuant to statute, the location of a prisoner's confinement is the sole province of BOP, and its placement decisions are "not reviewable by any court." 18 U.S.C. § 3621(b). The Court therefore does not have the authority to order the remainder of Mr. Clough's sentence to be served on home confinement. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) (district court lacks authority to order transfer to home confinement); *United States v. Council*, No. 1:14-CR-14-5, 2020 WL 3097461, at *7 (N.D. Ind. June 11, 2020); *United States v. Neeley*, No. 1:14-cr-00096, 2020 WL 1956126, at *2 (S.D. Ind. Apr. 23, 2020).

Mr. Clough is 60 years old. He is currently incarcerated at FCI Ashland in Ashland, Kentucky. As of April 12, 2021, the BOP reports that no inmates and 3 staff members at FCI Ashland have active cases of COVID-19; it also reports that 322 inmates at FCI Ashland have recovered from COVID-19 and that 6 inmates at FCI Ashland have died from the virus. https://www.bop.gov/coronavirus/ (last visited Apr. 12, 2021).

In August 2020, Mr. Clough filed a pro se motion for compassionate release. Dkt. 85. The Court appointed counsel, dkt. 89, appointed counsel filed an amended motion for compassionate release and supporting memorandum, dkt. 97, the United States responded, dkt. 99, and Mr. Clough replied, dkt. 100. Thus, the motions are now ripe for decision.

**II.    Discussion**

Mr. Clough seeks immediate release based on "extraordinary and compelling reasons" as set forth in 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 97. Specifically, he contends that his underlying medical conditions (advanced age, hypertension, obesity and type 2 diabetes mellitus), which make him more susceptible to severe complications from COVID-19, combine with the BOP's inability to control COVID-19 outbreaks in their facilities to establish extraordinary and compelling reasons to reduce his sentence to time served. *Id.* In response, the United States argues that Mr. Clough remains a danger to the community if released and that the sentencing factors in 18 U.S.C. § 3553(a) do not favor release. Dkt. 99.

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, a court may reduce a sentence upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for a reduction based on "extraordinary and compelling reasons."

Now, a defendant is also permitted to file such a motion after exhausting administrative remedies. *See* First Step Act of 2018, Pub. L.N. 115-391, 132 Stat. 5194, 5239 (2018). The amended version of the statute states:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,[2] may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>
>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). It directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id*. Before passage of the First Step Act, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c). U.S.S.G. § 1B1.13.

---

[2] The United States concedes that Mr. Clough has exhausted his administrative remedies. Dkt. 99 at 2.

Section 1B1.13 sets forth the following considerations. First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, consideration of the sentencing factors in 18 U.S.C. § 3553(a), "to the extent they are applicable." U.S.S.G. § 1B1.13.

As to the first consideration, Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances (the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner). U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)," "[a]s determined by the Director of the Bureau of Prisons." *Id.*, Application Note 1(D).

The policy statement in § 1B1.13 addresses only motions from the Director of the BOP. *Id.* ("Upon the motion of Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . . "). It has not been updated since the First Step Act amended § 3582(c)(1)(A) to address motions that are filed by prisoners. As a result, the Sentencing Commission has not yet issued a policy statement "applicable" to motions filed by

prisoners. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). And, in the absence of an applicable policy statement, the portion of § 3582(c)(1)(A) requiring that a reduction be "consistent with the applicable policy statements issued by the Sentencing Commission" does not curtail a district court judge's discretion. *Id.* at 1180. Nonetheless, the Commission's analysis in § 1B1.13 can guide a court's discretion without being conclusive. *Id.* As to motions brought under the "catchall" provision in Subsection (D), district judges should give the Director of the BOP's analysis substantial weight (if he has provided such an analysis), even though those views are not controlling. *Id.*

Accordingly, the Court evaluates motions brought under the "extraordinary and compelling" reasons prong of § 3582(c)(1)(A) with due regard for the guidance provided in § 1B1.13 by deciding: (1) whether a defendant has presented an extraordinary and compelling reason warranting a sentence reduction; (2) whether the defendant presents a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) whether the applicable sentencing factors in § 3553(a) favor granting the motion.

Mr. Clough does not suggest that Subsections (A)-(C) of Application Note 1 to § 1B1.13 provide him with an extraordinary and compelling reason warranting release. Instead, he asks the Court to exercise its broad discretion to find an extraordinary and compelling reason warranting release in this case.[3]

Mr. Clough claims that extraordinary and compelling reasons warrant a sentence reduction in this case because he has various conditions (including advanced age, hypertension, obesity and

---

[3] In keeping with the Seventh Circuit's instruction in *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020), the Court has considered the rationale provided by Mr. Clough's warden in denying Mr. Clough's administrative request for relief. Mr. Clough's warden appears not to have considered the possibility that Mr. Clough could show an "extraordinary and compelling reason" under Subsection (D) of the policy statement and instead focused only on Subsection (A). *See* dkt. 97-2. Thus, the warden's decision provides little guidance to the Court's analysis.

type 2 diabetes) that increase his risk of experiencing severe COVID-19 symptoms. Dkt. 97. The United States concedes that Mr. Clough has shown extraordinary and compelling reasons potentially warranting a sentence reduction based on his medical conditions and corresponding risk of experiencing severe COVID-19 symptoms, dkt. 97 at 5, so the Court assumes without deciding that's the case.

This does not end the analysis, however, because the Court finds that the applicable § 3553(a) sentencing factors weigh against granting Mr. Clough's compassionate release. The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a). The Court will address those factors that are applicable to Mr. Clough's motion.

Here, Mr. Clough suffers from at least two medical conditions that can make him more likely to get severely ill if he contracts COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Apr. 12, 2021) (identifying obesity and type 2 diabetes as conditions that can make you more likely to get severely

ill from COVID-19). While FCI Ashland previously experienced a significant outbreak of COVID-19, the BOP's efforts to control the virus among the inmate population appear to be having the intended effect. https://www.bop.gov/coronavirus/ (last visited Apr. 12, 2021) (showing that 322 inmates at FCI Ashland have recovered from COVID-19 and that no inmates have active cases). Moreover, the BOP has is in the process of vaccinating inmates against COVID-19, *see* https://www.bop.gov/coronavirus/ (last visited Apr. 12, 2021). As of April 12, 2021, 100 inmates and 120 staff members at FCI Ashland have received both doses of the COVID-19 vaccine. *Id.* That said, the nature of prisons means that the virus can spread quickly and that inmates have little ability to protect themselves from the virus. In short, the Court is aware of the risk that Mr. Clough faces from COVID-19 and has given it appropriate weight as a characteristic of Mr. Clough in its consideration of the § 3553(a) factors.

Also weighing in his favor under the Court's § 3553(a) analysis, Mr. Clough has not had any disciplinary infractions during his 6 ½ years of incarceration. He has also earned his GED, completed programming, including drug education, and served as a unit orderly. The BOP has assessed him as a low risk for recidivism and given him a minimum-security classification.

Several 3553(a) factors weight against Mr. Clough, including the nature and circumstances of the offense which involved Mr. Clough being responsible for approximately 900 grams of methamphetamine. Dkt. 65. Mr. Clough also has several significant felony convictions in his criminal history including: (1) possession of a controlled dangerous substance in 2000; (2) dealing in a controlled dangerous substance in 2000; and (3) dealing in methamphetamine in 2003. Dkt. 65. Finally, also weighing against him, Mr. Clough has completed only about half of his sentence and is not scheduled for release for another 6 ½ years.

Considering these factors, the Court finds that releasing Mr. Clough early would not: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; afford adequate deterrence to criminal conduct; or protect the public from further crimes. The Court is sympathetic to the risks Mr. Clough faces from COVID-19 but does not find that those risks warrant releasing him from incarceration at this time. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) (affirming denial of motion for compassionate release where district court found that § 3553(a) factors weighed against release despite COVID-19 risk because defendant committed serious offense and had only served one-third of sentence); *United States v. Ebbers*, No. S402-CR-11443VEC, 2020 WL 91399, at *7 (S.D.N.Y. Jan. 8, 2020) (in evaluating a motion for compassionate release, the court should consider whether the § 3553(a) factors outweigh the "extraordinary and compelling reasons" warranting compassionate release, and whether compassionate release would undermine the goals of the original sentence).

### III.   Conclusion

For the reasons stated above, Mr. Clough's motions for compassionate release, dkts. [85] and [97], are **denied**.

**SO ORDERED.**

Date: 4/12/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All Electronically Registered Counsel